Philip A. Kantor, Esq.
Nevada Bar #6701
Law Offices of Philip A. Kantor, P.C.
1781 Village Center Circle, Suite 120
Las Vegas, NV 89134
Telephone: (702) 255-1300
Facsimile: (702) 256-6331
Email: prsak@aya.yale.edu

David B. Barney, Esq.
Nevada Bar #14681
Sklar Williams PLLC
410 S. Rampart Blvd., Suite 350
Las Vegas, NV 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: dbarney@sklar-law.com

*Attorneys for Plaintiff/Counter-defendant
Kathryn Ross-Nash*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN ROSS-NASH, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SUNNI ALMOND, an individual,<br><br>　　　　Defendant.<br><br>─────────────────────────<br>SUNNI ALMOND, an individual,<br><br>　　　　Counter-plaintiff,<br><br>vs.<br><br>KATHRYN ROSS-NASH, an individual,<br><br>　　　　Counter-defendant | Case No. 2:19-cv-00957-APG-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

　　　　Plaintiff/Counter-defendant Kathryn Ross-Nash and Defendant/Counter-plaintiff Sunni Almond, by and through their respective counsel of record, hereby stipulate, request and jointly move the Court to enter this Stipulated Confidentiality Agreement and Protective Order

1

(hereinafter, "Order"), pursuant to FRCP 26(c)(1) and the Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order, on file herein (ECF No. 11). The Parties have agreed and stipulated that the use and handling of CONFIDENTIAL Information and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information (as defined herein) in these proceedings shall be governed and subject to the following provisions:

1. The "Litigation" shall mean the above-captioned Case No. 2:19-cv-00957-APG-NJK, in the United States District Court for the District of Nevada.

2. "Documents" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. "Information" shall mean any information contained in a Document. A draft or non-identical copy is a separate document within the meaning of these terms.

3. "Party" (or "Parties") shall mean any one party (or all parties) in this Litigation, and their in-house and Outside Counsel (hereinafter defined). "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom as "CONFIDENTIAL" (such Documents, things, materials, testimony and Information are collectively referred to herein as "CONFIDENTIAL Information") under the terms of this Order that shall not be provided or made available to third-parties except as permitted by, and in accordance with, the provisions of this Order. CONFIDENTIAL Information is that which has not been made public and contains trade secrets, proprietary and/or sensitive business or personal information.

5. The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (such Documents, things, materials, testimony and Information are collectively referred to herein as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information") under this Order and that designation of such Documents, things, materials, and Information be reserved for extremely sensitive "Confidential Information or Items," production of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means and can only be disclosed to Outside Counsel.

6. Documents subject to this Order shall be so designated by marking or stamping copies of the Document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Marking or stamping the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multi-page Document, a file containing multiple Documents, or a CD or DVD containing multiple Documents, shall designate all pages of the Document, file, CD or DVD as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise indicated by the Producing Party.

7. Testimony taken at a deposition may be designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the alternative, counsel for the Parties may agree to designate a deposition as CONFIDENTIAL within ten (10) days of receipt of the transcript.

8. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person, except:

   a. The United States District Court for the District of Nevada, or any other court to which this matter may be transferred (the "Court"), including but not limited to the United States Bankruptcy Court for the District of Nevada, and persons assisting the Court or assisting in the litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

   b. In the event of an appeal, the United States Court of Appeals for the Ninth Circuit (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons assisting the Appellate Court or the Supreme Court in the litigation process (including, but not limited to, Appellate and Supreme Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

   c. The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

   d. A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement;

   e. Subject to the terms of Paragraph 14 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

   f. Subject to the terms of Paragraph 14 below, support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

g. Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, the Producing Party shall have the right to move the Court for a protective order, and no disclosure shall be made pending the resolution of such motion for protective order. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 12 below.

9. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person, except:

a. The United States District Court for the District of Nevada, or any other court to which this matter may be transferred (the "Court"), including but not limited to the United States Bankruptcy Court for the District of Nevada, and persons assisting the Court or assisting in the litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

b. In the event of an appeal, the United States Court of Appeals for the Ninth Circuit (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons assisting the Appellate Court or the Supreme Court in the litigation process (including, but not limited to, Appellate and Supreme Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

c. Outside Counsel of the Parties to this Litigation;

d. Subject to the terms of Paragraph 14 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation; and

e. Subject to the terms of Paragraph 14 below, support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design.

10. If a witness is providing or is provided CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

11. All designations of Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party must be made in good faith.

12. A party may object to the designation of particular Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by giving written notice to the party designating the disputed Information. The written notice shall specifically identify the Information to which the objection is made. Upon receipt of written notice, the Parties shall have ten (10) business days to resolve the objection ("Resolution Period"). If the parties cannot resolve the objection within the Resolution Period, it shall be the obligation of the party designating the Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Order. The party designating the Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have ten (10) business days after the Resolution Period has

expired to file such an appropriate motion ("Maintenance Period"). If such a motion is filed within the Maintenance Period, the disputed Information shall be treated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the Maintenance Period, the disputed Information shall lose its designation as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall not thereafter be treated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13. While protected by this Order, any Information designated CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purpose of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose or use in any other lawsuit.

14. With respect to outside experts or other persons pursuant to Paragraphs 8 or 9, sections (e), (f) or (g), to become an authorized expert or other person entitled to access to CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, the expert or other person must be provided with a copy of this Order and must sign a certification acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a certification is signed shall retain the original certification in accordance with applicable law governing the retention of documents in connection with the Litigation.

15. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information to a person who created or previously received (as an addressee or by way of copy) such Information.

16. The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information prior to the receipt of such notice, if known, shall be promptly reported to the Producing Party and shall not be deemed a violation of the Confidentiality Agreement.

17. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information will be disclosed.

18. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential.

19. See order issued concurrently herewith.

20. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as it deems appropriate.

21. If any Party becomes required by law, regulation, or order of a court or government entity to disclose any CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

22. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information through discovery shall, upon request, return all such CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to the Producing Party or certify as to its destruction. Outside Counsel may retain one copy of pleadings, motions, deposition transcripts, exhibits submitted with such documents, and trial, hearing or other exhibits filed or otherwise submitted to the Court that contain CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information solely for archival purposes. The restrictions of this Order shall apply to Outside Counsel for as long as they regularly hold such archival Documents.

23. The obligation to treat all information designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Order and not to disclose such CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall survive any settlement or other termination of this Litigation.

24. The inadvertent production of any Information during discovery in this Litigation shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the Receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within five (5) business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

25. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

26. The illegality, invalidity or unenforceability of any provision herein shall not in any manner affect or render illegal, invalid or unenforceable any other provision of this Order, and that provision, and this Order generally, shall be reformed, construed and enforced so as to most nearly give lawful effect to the intent of the parties as expressed in this Order.

IT IS SO ORDERED,

On date: August 28, 2019.

Signed: _____
JUDGE NANCY J. KOPPE
US MAGISTRATE JUDGE

Respectfully submitted this 27th day of August, 2019.

| SKLAR WILLIAMS PLLC | HOLLEY, DRIGGS, WALCH, FINE, PUZEY, STEIN & THOMPSON |
|---|---|
| */s/ David B. Barney* <br> David B. Barney, Esq. <br> Nevada Bar No. 14681 <br> 410 S. Rampart Blvd., Suite 350 <br> Las Vegas, NV 89145 <br> Tel: (702) 360-6000 <br> Fax: (702) 360-0000 <br><br> Philip A. Kantor, Esq. <br> Law Offices of Philip A. Kantor, P.C. <br> 1781 Village Center Circle, Suite 120 <br> Las Vegas, NV 89134 <br> Tel: (702) 255-1300 <br> Fax: (702) 256-6331 <br> *Attorneys for Plaintiff/Counter-defendant* <br> *Kathryn Ross-Nash* | */s/ Joanna M. Myers* <br> Kristol Bradley Ginapp <br> Nevada Bar No. 8468 <br> Joanna M. Myers, Esq. <br> Nevada Bar No. 12048 <br> 400 S. 4th St., Third Floor <br> Las Vegas, NV 89101 <br> Tel: (702) 791-0308 <br> Fax: (702) 791-1912 <br> *Attorney for Defendant/Counter-plaintiff* <br> *Sunni Almond* |