UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KATHRYN ROSS-NASH,

    Plaintiff(s),

v.

SUNNI ALMOND,

    Defendant(s).

Case No.: 2:19-cv-00957-APG-NJK

**Order**

[Docket Nos. 40, 42]

Pending before the Court are emergency motions to stay discovery, for protective order, and for extension of time. Docket Nos. 40, 42. The motions have been briefed. *See* Docket Nos. 41, 43, 44. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**, the motion for protective order is **DENIED**, and the motion to extend is **GRANTED** in part and **DENIED** in part.

**I.    EMERGENCY NATURE OF MOTION PRACTICE**

The Court begins by addressing the fact that the pending emergency motion practice was filed during a holiday weekend and with insufficient time for resolution prior to at least some of the discovery at issue. *See* Docket No. 41 at 3 (first deposition in dispute set for today, February 18, 2020). Moreover, the instant disputes have been percolating for at least a few weeks. *See* Docket No. 41-2 (notice of deposition served February 2, 2020); *see also* Docket No. 41 at 3-4. Why the motions were filed at the last minute is not sufficiently explained. The Court reminds the parties that emergency motions are highly disfavored. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*,

1

141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Moreover, litigants are not entitled to emergency relief when they are to blame for creating the exigent circumstances. *Id.* at 1143.

As a one-time courtesy to the parties and to move this case forward, however, the Court will resolve the instant motions on an expedited basis.[1] **The Court will not do so in the future**.

## II. MOTION TO STAY DISCOVERY

The first motion before the Court is Plaintiff's motion to stay discovery pending resolution of her motion for partial summary judgment. Docket No. 40; *see also* Docket No. 39 (motion for summary judgment).

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Id.* The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the movant will be entitled to case-dispositive relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Several factors militate against staying discovery in this case. First, the discovery cutoff is fast approaching and stalling discovery at this late stage does not promote the goals in Rule 1. *Cf. Bank of N.Y. Mellon v. Pomeroy*, 2017 U.S. Dist. Lexis 179903, at *1 (D. Nev. Oct. 31, 2017). Second, the pending motion for summary judgment is not case-dispositive as it is only a motion for partial summary judgment. Indeed, Plaintiff's motion acknowledges that some of the upcoming depositions will be needed regardless of the outcome of the motion for summary

---

[1] In an effort to provide expedited resolution, the Court's analysis herein will be somewhat truncated.

2

judgment. *See* Docket No. 40 at 5. A case-wide stay of discovery is inappropriate given the circumstances. *See Tradebay*, 278 F.R.D. at 602 (indicating that a partial stay of discovery may be entered when a motion is dispositive of the particular issue on which discovery is being sought).[2] Third, given the odd procedural posture in which Plaintiff seeks relief, the Court cannot fully evaluate the merits of the motion for summary judgment because the response and reply are not yet due. For all of these reasons, Plaintiff has not carried the "heavy burden" necessary to stay discovery.

Accordingly, the motion to stay discovery will be denied.

### III. MOTION FOR PROTECTIVE ORDER

The second motion before the Court is Plaintiff's alternative motion for a protective order that she need not appear in person in Las Vegas for her upcoming deposition. *See* Docket No. 40 at 8-10.

The Court has wide discretion to establish the time and place of depositions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1164 (9th Cir. 1994). Nonetheless, a plaintiff is generally expected to make herself available for deposition in the forum in which she brought suit. *E.g.*, *Colony Ins. Co. v. Sanchez*, 2019 WL 3241160, at *4 (D. Nev. July 18, 2019) (citing *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999)). Courts require a strong showing of hardship before departing from that general rule. *See, e.g.*, *Dieng v. Hilton Grand Vacations Co.*, 2011 WL 812165, at *1-2 (D. Nev. Mar. 1, 2011) (discussing case law requiring showing of "extreme hardship").[3]

In this case, Plaintiff asserts that medical issues prevent her from safely traveling to Las Vegas for her deposition at this time. Defendant presented evidence disputing that assertion. The Court need not resolve that factual dispute, however, because Defendant alternatively requests an

---

[2] Plaintiff's vague assertions of expense and that questioning may be different after the resolution of the motion for summary judgment are not sufficient to delay depositions. *See, e.g.*, *Turner Broadcasting*, 175 F.R.D. at 556.

[3] Moreover, telephonic and other remote depositions are also highly disfavored for a plaintiff's testimony. *See id.* at 2.

extension of the discovery cutoff and Plaintiff "acknowledges that allowing her to be deposed in Las Vegas, Nevada at a later date, may be a reasonable solution." Docket No. 43 at 3 n.1.

Given the finding below that the discovery cutoff should be extended for purposes of conducting Plaintiff's deposition, the Court will deny as moot the motion for protective order. Plaintiff must appear in Las Vegas for her deposition.

### IV. MOTION TO EXTEND

The third motion before the Court is Defendant's motion to extend the discovery cutoff by 60 days. Docket No. 42.

A request to extend the deadlines in the scheduling order must be supported by a showing of good cause, Local Rule 26-4, which turns on whether the subject deadline cannot reasonably be met through diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The primary basis for Defendant's motion to extend is that it should be allowed an in-person deposition of Plaintiff in this forum, but that Plaintiff has asserted that a current medical condition prevents her from traveling. Such reasoning is good cause for an extension, albeit one for only 21 days and one limited to obtaining that particular deposition only.[4]

Accordingly, the motion for extension will be granted in part and denied in part. The discovery cutoff will be extended to March 16, 2020. This extension is for purposes of conducting Plaintiff's deposition only. The dispositive motion deadline will also be extended accordingly to April 15, 2020.[5]

---

[4] The motion suggests that Defendant also seeks to depose "other fact witnesses." Docket No. 42 at 5. No meaningful showing has been made as to why any deposition other than Plaintiff's could not have been conducted within the current discovery period. *See id.* (vaguely referencing Defendant's "limited financial resources" as the reason for needing more time for the additional depositions).

[5] As noted above, a motion for summary judgment is already pending. The deadline for filing the joint proposed pretrial order will be 30 days after resolution of dispositive motions. *See* Local Rule 26-1(b)(5).

4

## V. CONCLUSION

For the reasons discussed above, the motion to stay discovery is **DENIED**, the motion for protective order is **DENIED**, and the motion to extend is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: February 18, 2020

_____
Nancy J. Koppe
United States Magistrate Judge