1  Philip A. Kantor, Esq.
   Nevada Bar #6701
2  Law Offices of Philip A. Kantor, P.C.
3  1781 Village Center Circle, Suite 120
   Las Vegas, NV 89134
4  Telephone:    (702) 255-1300
   Facsimile:    (702) 256-6331
5  Email:        prsak@aya.yale.edu

6  David B. Barney, Esq.
   Nevada Bar #14681
7  Sklar Williams PLLC
8  410 S. Rampart Blvd., Suite 350
   Las Vegas, NV 89145
9  Telephone:    (702) 360-6000
   Facsimile:    (702) 360-0000
10 Email:        dbarney@sklar-law.com

11
   *Attorneys for Plaintiff/Counter-defendant*
12 *Kathryn Ross-Nash*

13                    **UNITED STATES DISTRICT COURT**

14                           **DISTRICT OF NEVADA**

15 KATHRYN ROSS-NASH, an individual,   )
                                        )
16         Plaintiff,                   )   Case No. 2:19-cv-00957-APG-NJK
                                        )
17     vs.                              )   **STIPULATION AND ORDER TO**
                                        )   **EXTEND DEADLINE TO FILE JOINT**
18 SUNNI ALMOND, an individual,         )   **PRETRIAL ORDER**
                                        )
19         Defendant.                   )   **(Sixth Request to Extend Deadlines)**
20                                      )
                                        )
21                                      )
   SUNNI ALMOND, an individual,         )
22         Counter-plaintiff,           )
                                        )
23     vs.                              )
                                        )
24 KATHRYN ROSS-NASH, an individual,    )
25                                      )
           Counter-defendant.           )
26                                      )
                                        )
27                                      )

28

                                        1

Pursuant to Fed. R. Civ. P. 6(b), LR IA 6-1, and LR 26-3, Plaintiff/Counter-defendant Kathryn Ross-Nash ("Ross-Nash"), by and through her attorneys, the Law Offices of Philip A. Kantor, P.C., and the law firm of Sklar Williams PLLC, and Defendant/Counter-plaintiff Sunni Almond ("Almond," and collectively with Ross-Nash, the "Parties"), by and through her counsel of record, the law firms of Holley Driggs and Gallian Welker & Beckstrom, L.C., hereby submit this Stipulation and Order to Extend Deadline to File Joint Pretrial Order (Sixth Request to Extend Deadlines) in the above-captioned case.

I. **PROCEDURAL HISTORY**

1. Ross-Nash filed her Verified Complaint (ECF No. 1) to initiate this case on June 5, 2019;

2. Almond was properly served with the Verified Complaint on June 13, 2019.

3. Almond filed her Answer to Complaint and Counterclaim (ECF No. 6) on June 27, 2019;

4. Ross-Nash filed an Answer to Counterclaim (ECF No. 9) on July 17, 2019;

5. On August 13, 2019, the Court entered its Scheduling Order in this case (ECF No. 11), which, in pertinent part, set the deadline for the Parties to file a Joint Pretrial Order on February 22, 2020, and stated, that in the event dispositive motions were filed, the deadline to file a Joint Pretrial Order would be thirty (30) days after a decision on the dispositive motions or further court order is entered.

6. On October 4, 2019, the Court entered a Stipulation and Order to Allow Defendant to File an Amended Answer and Counter-claim (ECF No. 18).

7. On October 18, 2019, Almond filed her First Amended Answer to Plaintiff's Complaint and Counterclaims (ECF No. 19);

8. After the Court granted her request for an extension of time to do so (ECF No. 23), Ross-Nash filed her Answer to Almond's First Amended Counterclaims on November 15, 2019 (ECF No. 24).

9. On December 6, 2019, the Court entered an Order to Extend Discovery Deadlines, which extended the discovery cut-off date until February 24, 2020 (ECF No. 28).

10. On January 14, 2020, the Court entered an Order allowing Ross-Nash to file an amended complaint (ECF No. 33).

11. Ross-Nash filed and served her First Amended Complaint (ECF No. 36) on Defendant Sunni Almond on January 15, 2020.

12. On February 3, 2020, Almond filed her Answer to Plaintiff's First Amended Complaint and Counterclaims (ECF No. 37), and Ross-Nash filed her Answer to those counterclaims on February 14, 2020 (ECF No. 38).

13. Also on February 14, 2020, Ross-Nash filed a Motion for Partial Summary Judgment as to Liability (ECF No. 39, and sometimes referred to herein as the "First Motion for Summary Judgment") on all claims in this case, except her claim for contributory copyright infringement against Almond. *See generally* ECF No. 36, at 3-5; ECF No. 39, at 2-3.

14. On February 15, 2020, Ross-Nash filed an Emergency Motion to Stay Discovery or, in the Alternative, for a Protective Order Requiring that her Deposition Be Conducted by Remote Means (ECF No. 40, hereinafter referred to as the "Motion to Stay Discovery"). Almond filed a Response to the Motion to Stay Discovery (ECF No. 41), and filed her own emergency motion on the same day, requesting that the Court extend the discovery deadline in this case (ECF No. 42).

15. The Court denied the Motion to Stay Discovery, including denying the motion for protective order as moot (ECF Nos. 45-46), and granted in part Almond's motion to extend the discovery deadline, only to the extent necessary for Ross-Nash to have her deposition taken in Las Vegas, Nevada. *See* ECF No. 46. In its Order, the Court extended the discovery period until March 16, 2019, strictly for the purpose of Ross-Nash completing her deposition by that date. *See id.*

16. On February 25, 2020, the Court entered a Stipulation and Order to Extend Discovery Deadline to Hold Second Deposition of Defendant/Counter-plaintiff Sunni Almond (Fourth Request) (ECF No. 48), which extended the discovery for the specific purpose of allowing Ross-Nash to take the second deposition of Almond. Almond's second deposition was held on March 16, 2020, and discovery closed once the deposition was held.

17. On March 13, 2020, after receiving an extension of time to do so, Almond filed her Response to the First Motion for Summary Judgment (ECF No. 51). Ross-Nash filed her Reply to Almond's Response (ECF No. 53) on March 27, 2020.

18. On April 15, 2020, Ross-Nash filed a subsequent Motion for Partial Summary Judgment on Defendant's Counterclaims (ECF No. 58, the "Second Motion for Summary Judgment"), providing separate arguments as to why summary judgment should be entered on Almond's counterclaims against Ross-Nash.

19. Almond filed her Response to the Second Motion for Summary Judgment on May 6, 2020 (ECF No. 61), and on May 20, 2020, Ross-Nash filed a Reply to Almond's Response (ECF No. 62).

20. On October 28, 2020, the Court entered an Order Granting in Part the First Motion for Summary Judgment (ECF No. 65), granting Ross-Nash summary judgment as to liability on her claim against Almond for direct copyright infringement.

21. On November 4, 2020, the Court held a hearing on the remainder of the First Motion for Summary Judgment and on the entirety of the Second Summary Judgment.

22. After taking the matters under advisement, on November 20, 2020, the Court entered an Order Denying the First Motion for Summary Judgment, to the extent it had not already been decided, and Denying the Second Motion for Summary Judgment in its entirety (ECF No. 67).

23. In accordance with the Scheduling Order entered in this case, the initial deadline for the Parties to file a Joint Pretrial Order was December 21, 2020. *See* ECF No. 11, at 3 (setting the deadline for thirty days after dispositive motions are decided).

24. On December 11, 2020, the Parties filed a Stipulation and Order to Extend Deadline to File Joint Pretrial Order (Fifth Request to Extend Deadlines), requesting that the Court extend the deadlines for the Parties to file a Joint Pretrial Order, due to counsel's scheduling conflicts, and to allow the Parties to continue their discussions regarding settlement, without having to incur unnecessary costs, in the event settlement was possible. *See* ECF No. 68, at 6-7.

25. On December 14, 2020, the Court granted the Parties' Stipulation and Order to Extend Deadline to File Joint Pretrial Order (Fifth Request to Extend Deadlines) (ECF No. 68), and extended the deadline for the Parties to file a Joint Pretrial Order by sixty (60) days, setting a new deadline of February 19, 2021. *See* ECF No. 69, at 6-7.

26. On January 11, 2021, Ross-Nash filed a Motion for Statutory Damages associated with her copyright claim that was decided on summary judgment (ECF No. 70), a Motion to Certify Judgment on the same claim (ECF No. 71), and a Motion for Attorney Fees and Costs associated with prosecuting her copyright claim (ECF No. 72).

27. On January 25, 2021, Almond filed responses to Ross-Nash's Motion for Statutory Damages (ECF No. 78) and to certify a judgment on her copyright claim (ECF No. 79). After receiving an extension of time to do so (ECF No. 77), Almond filed a Response to Ross-Nash's Motion for Attorney Fees and Costs (ECF No. 81), on January 27, 2021.

28. On February 1, 2021, Ross-Nash filed replies in support of her Motion for Statutory Damages (ECF No. 82) and Motion to Certify Judgment (ECF No. 83). On February 3, 2021, she filed a reply in support her Motion for Attorney Fees (ECF No. 86).

29. In accordance with the Court's Order dated December 14, 2020 (ECF No. 68), the currently deadline for the Parties to file a Joint Pretrial Order is February 19, 2021. Ross-Nash's Motion for Statutory Damages (ECF No. 70), Motion to Certify Judgment (ECF No. 71), and Motion for Attorney Fees and Costs (ECF No. 72) remain pending before the Court.

## II.    DISCOVERY COMPLETED TO DATE

1. On August 13, 2019, the Court entered its Scheduling Order in this case (ECF No. 11), which set the discovery cut-off date for December 24, 2019.

2. On or about August 19, 2019, the Parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3. Between September and November 2019, Ross-Nash conducted informal interviews with at least four potential witnesses and obtained documentation from those witnesses relating to this case. Almond also conducted informal discovery during this time.

4. On November 13, 2019, Almond served Ross-Nash with her First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents.

5. On November 22, 2019, Ross-Nash served Almond with her First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents.

6. On December 6, 2019, the Court entered an Order to Extend Discovery Deadlines, extending the close of discovery to February 24, 2020.

7. On December 20, 2019, Ross-Nash submitted her Responses to all of Almond's First Set of discovery requests.

8. Between January 6 and January 9, 2020, Almond submitted her Responses to Ross-Nash's First Set of discovery requests.

9. On January 19, 2020, Ross-Nash submitted her Second Set of Interrogatories and Requests for production of documents on Almond.

10. On January 22, 2020, Ross-Nash served a Subpoena *Duces Tecum* on third-party witness Thalia Kirchwehm.

11. On February 18, 2020, Ross-Nash conducted the deposition of third-party witness, Brooke McIntosh.

12. On February 19, 2020, Ross-Nash conducted the depositions of third-party witnesses, Erica Walters and Juliet Mahon.

13. On February 20, 2020, Almond served Ross-Nash with documents responsive to Ross-Nash's Second Set of Requests for Production of Documents and Almond's Response to Ross-Nash's Second Set of Interrogatories.

14. On February 21, 2020, Ross-Nash conducted the deposition of Almond.

15. On February 23, 2020, Almond provided Ross-Nash with additional documents and supplemental discovery responses.

16. On March 4, 2020, Almond conducted the deposition of Ross-Nash.

17. On March 16, 2020, Ross-Nash conducted a second deposition of Almond, as permitted by the Court.

18. Discovery is closed in this case. As of the date this Stipulation is being made, no trial date has been set for this matter.

### III.  GROUNDS FOR EXTENSION OF DEADLINE TO FILE PRETRIAL ORDER

This is the sixth request to extend deadlines in this case. The Parties' first request for an extension of discovery deadlines (ECF No. 25) was denied, without prejudice, for failure to elaborate on why good cause exists to extend the deadlines in this case. *See* Court's Order dated November 21, 2019 (ECF No. 26). The Parties' second request for the same relief was granted, resulting in an extension of the discovery period until February 24, 2020. *See* ECF No. 28. The third request was only made by Almond and requested that the Court extend the discovery deadline so that Almond could take the depositions of fact witnesses, including, but not limited to, Ross-Nash. *See* ECF No. 42, at 6. The Court denied the third request in part, and granted it in part, by extending the discovery deadline until March 16, 2020, solely for the purpose of conducting Ross-Nash's deposition in Las Vegas, Nevada. *See* ECF No. 46. The Parties' fourth request sought leave of the Court for the Parties to hold a second deposition of Almond, and for an extension of the discovery cut-off date, specifically for that purpose. ECF No. 47. The Court granted the fourth request and extended discovery for the purpose of holding Almond's deposition, only. ECF No. 48. The Parties' fifth request sought an extension of the deadline for the Parties to file a Joint Pretrial Order, in light of scheduling issues for counsel, as well as the Parties' ongoing settlement discussions. ECF No. 68. The Court granted the Parties' fifth request and extended the deadline for the Parties to file a Joint Pretrial Order until February 19, 2020.

The Parties now make this joint Stipulation, requesting that the Court extend the existing deadline to file a Joint Pretrial Order, because the Parties' discussions regarding settlement are ongoing, and because the scope of the Joint Pretrial Order may change significantly, based on the Court's ruling on Ross-Nash's three pending motions. To address the specific requirements in LR IA 6-1 and LR 26-3, good cause exists for an extension of the deadline to file a Joint Pretrial Order, because the Parties have conferred regarding trial and have discussed the prospect of settling this matter as a whole. If they are required to file a Joint Pretrial Order and begin preparations for trial,

they will incur significant expense and burden, which would come with little benefit, if any, if trial can be avoided.

In addition, Ross-Nash's motions for (1) statutory damages on her copyright claim, (2) to certify judgment on the same, and (3) for attorney fees and costs remain pending before the Court. If the Parties are required to file a Joint Pretrial Order prior to the Court's resolution of the motions, the scope of the Pretrial Order will likely be changed significantly, based on the Court's forthcoming order(s). Specifically, if the Court grants the relief requested by Ross-Nash's motions, the Parties can avoid significant time at trial examining the Parties' respective states of mind, the circumstances surrounding Ross-Nash's decided copyright claim, and the proper amount of statutory damages or attorney fees to be awarded; the inverse would be true, and such information would need to be examined at trial, if the motions, or any part of them, are denied. As such, the Parties have agreed and respectfully request that the Court grant an extension for the Parties to file a Joint Pretrial Order, until thirty (30) days after the Court enters an order resolving Ross-Nash's pending motions for statutory damages (ECF No. 70), to certify judgment (ECF No. 71), and for attorney fees and costs associated with her decided copyright infringement claim (ECF No. 72).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

WHEREFORE, good cause existing, the Parties hereby stipulate and request that the Court enter an Order approving the proposed extension and setting the deadline for the Parties to file a Joint Pretrial Order thirty (30) days after the Court enters an order resolving all, or the last of any of such, pending motions.

**IT IS SO STIPULATED.**

| SKLAR WILLIAMS PLLC | HOLLEY DRIGGS |
|---|---|
| /s/ David B. Barney<br>David B. Barney, Esq.<br>Nevada Bar No. 14681<br>410 S. Rampart Blvd., Suite 350<br>Las Vegas, NV 89145<br>Tel: (702) 360-6000<br>Fax: (702) 360-0000<br><br>Philip A. Kantor, Esq.<br>Nevada Bar No. 6701<br>Law Offices of Philip A. Kantor, P.C.<br>1781 Village Center Circle, Suite 120<br>Las Vegas, NV 89134<br>Tel: (702) 255-1300<br>Fax: (702) 256-6331<br>*Attorneys for Plaintiff/Counter-defendant Kathryn Ross-Nash* | /s/ Joanna M. Myers<br>Kristol Bradley Ginapp, Esq.<br>Nevada Bar No. 8468<br>Joanna M. Myers, Esq.<br>Nevada Bar No. 12048<br>400 S. 4th St., Third Floor<br>Las Vegas, NV 89101<br>Tel: (702) 791-0308<br>Fax: (702) 791-1912<br><br>Nathan E. Lawrence, Esq.<br>Nevada Bar No. 15060<br>Gallian Welker & Beckstrom, L.C.<br>540 East St. Louis Avenue<br>Las Vegas, Nevada 89104<br>(702) 892-3500<br>*Attorney for Defendant/Counter-plaintiff Sunni Almond* |

**ORDER**

**IT IS SO ORDERED.**

Dated: February 12, 2021

_____
UNITED STATES MAGISTRATE JUDGE