UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN ROSS-NASH, | Case No.: 2:19-cv-00957-APG-NJK |
| Plaintiff | **Order Granting Motion for Statutory Damages and Denying Motions to Certify Judgment and for Attorneys' Fees** |
| v. | |
| SUNNI ALMOND, | [ECF Nos. 70, 71, 72] |
| Defendant | |

    Plaintiff Kathryn Ross-Nash sues defendant Sunni Almond for copyright infringement. Almond counterclaims for defamation, intentional interference with prospective economic advantage, intentional interference with contractual relationships, and intentional infliction of emotional distress. Ross-Nash previously moved for summary judgment on the counterclaims and her copyright infringement claim. I granted her motion for summary judgment as to copyright infringement and denied it as to the counterclaims. Consequently, the claims that remain for trial are Almond's counterclaims and Ross-Nash's contributory copyright infringement claim.

    Ross-Nash now moves for statutory damages on the copyright infringement claim, certification of the judgment as to that claim, and for attorney's fees. The parties are familiar with the facts, so I do not repeat them here except where relevant. I grant Ross-Nash's motion for statutory damages and deny the other motions.

**I. Motion for Statutory Damages**

    Ross-Nash argues that she is entitled to $15,000 in statutory damages because it is the midpoint of the statutory range and infringing conduct should be deterred. Almond opposes, arguing that she has a right to a trial on the proper amount. Alternatively, Almond argues that

the minimum amount of statutory damages, $750, is proper. ECF No. 78 at 8.  Ross-Nash replies that she "will accept the minimum amount of $750." ECF No. 82 at 4.

"[T]here is no right to a jury trial on damages in copyright cases when only the minimum statutory damages are awarded." *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011) (citing *BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005)).  This amount appears appropriate for the minimal copying by Almond, and the parties have agreed to the minimum statutory damages of $750. 17 U.S.C. § 504 (c)(1) ("the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just.").  Setting the amount to the minimum moots Almond's request for a jury trial.  I therefore grant Ross-Nash's motion and award statutory damages in the amount of $750 on Ross-Nash's copyright infringement claim.

**II.  Motion to Certify Judgment**

Ross-Nash next argues that she is entitled to certification of the judgment against Almond because the copyright infringement claim is separate from the other pending claims.  Almond contends that certification is inappropriate because it would create a risk of piecemeal appeals and conflicting damages awards and requests for attorneys' fees and costs.  Almond further argues that the equities favor her, and certification would hinder her ability to fully litigate her counterclaims because of her precarious financial position.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  I must "evaluate the 'interrelationship of the claims' and determine in the first instance

'whether the claims under review [are] separable from the others remaining to be adjudicated.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980)). In this analysis, I "must take into account judicial administrative interests as well as the equities involved." *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10.

Certification of the judgment is not warranted. The copyright infringement claim is interrelated to the contributory infringement claim and the counterclaims. There is no "seriously important reason" that merits the risk of piecemeal appeals regarding much of the same facts. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). Accordingly, I deny Ross-Nash's motion.

### III. Motion for Attorneys' Fees

Ross-Nash's motion for attorneys' fees and costs is premature. I therefore deny it without prejudice.

### IV. Conclusion

I THEREFORE ORDER that Plaintiff Kathryn Ross-Nash's motion for statutory damages **(ECF No. 70) is granted**. I award damages in the amount of $750.

I FURTHER ORDER that Ross-Nash's motions to certify judgment and for attorneys' fees and costs **(ECF Nos. 71 and 72) are denied**.

DATED this 3rd day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3