Philip A. Kantor, Esq.
Nevada Bar #6701
Law Offices of Philip A. Kantor, P.C.
1781 Village Center Circle, Suite 120
Las Vegas, NV 89134
Telephone:   (702) 255-1300
Facsimile:   (702) 256-6331
Email:         prsak@aya.yale.edu

David B. Barney, Esq.
Nevada Bar #14681
Sklar Williams PLLC
410 S. Rampart Blvd., Suite 350
Las Vegas, NV 89145
Telephone:   (702) 360-6000
Facsimile:   (702) 360-0000
Email:         dbarney@sklar-law.com

*Attorneys for Plaintiff/Counter-defendant*
*Kathryn Ross-Nash*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHRYN ROSS-NASH, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>RYAN A. ANDERSEN, as Trustee of the Bankruptcy Estate of Sunni Almond,<br><br>          Defendant.<br>_____<br>RYAN A. ANDERSEN, as Trustee of the Bankruptcy Estate of Sunni Almond,<br><br>          Counter-plaintiff,<br><br>     vs.<br><br>KATHRYN ROSS-NASH, an individual,<br><br>          Counter-defendant.<br>_____ | Case No. 2:19-cv-00957-APG-NJK<br><br>**STIPULATION AND ORDER TO REOPEN CASE, AMEND CAPTION, AND STIPULATED JUDGMENT** |

1

Plaintiff/Counter-defendant Kathryn Ross-Nash ("Ross-Nash"), by and through her attorneys, the Law Offices of Philip A. Kantor, P.C., and the law firm of Sklar Williams PLLC, and Ryan A. Andersen, Esq., in his capacity as Trustee of the Bankruptcy Estate of Sunni Almond, by and through his counsel of record, the law firms of Howard & Howard Attorneys PLLC, and Gallian Welker & Associates, L.C., hereby submit this Stipulation and Order to Reopen Case, Amend Caption, and Stipulated Judgment, and stipulate as follows:

**I.  PROCEDURAL HISTORY**

1. On June 5, 2019, Ross-Nash filed a Verified Complaint (ECF No. 1) to initiate this case. Ross-Nash's Verified Complaint stated a claim for direct copyright infringement against Sunni Almond ("Almond"), relating to Almond's alleged copying and selling of Ross-Nash's book, *The Red Thread: The Integrated System and Variations of Pilates – The Mat* (hereinafter, "*Red Thread*"). ECF No. 1, at 1-5.

2. On June 27, 2019, Almond filed an Answer to Complaint and Counterclaim (ECF No. 6), which stated claims against Ross-Nash for (i) defamation of character, and (ii) intentional infliction of emotional distress. ECF No. 6, at 5-10.

3. On July 17, 2019, Ross-Nash filed an Answer to Almond's Counterclaim. ECF No. 9.

4. On October 4, 2019, the Court entered a Stipulation and Order to Allow Defendant to File an Amended Answer and Counter-claim (ECF No. 18).

5. On October 18, 2019, Almond filed her First Amended Answer to Plaintiff's Complaint and Counterclaims (ECF No. 19), stating claims against Ross-Nash for (i) Defamation *per se*, (ii) intentional interference with contractual relationships, (iii) intentional interference with prospective economic advantage, and (iv) intentional infliction of emotional distress. ECF No. 19, at 10-13.

6. After the Court granted her request for an extension of time to do so (ECF No. 23), Ross-Nash filed her Answer to Almond's First Amended Counterclaims on November 15, 2019 (ECF No. 24).

7. On January 14, 2020, the Court entered an Order (ECF No. 33), allowing Ross-Nash to amend her Complaint by adding a claim for contributory copyright infringement.

8. On January 15, 2020, Ross-Nash filed and served her First Amended Complaint (ECF No. 36), which alleged claims for (i) direct copyright infringement and (ii) contributory copyright infringement against Almond, relating to Almond's alleged direct and contributory infringement of *Red Thread*. ECF No. 36, at 4-5.

9. On February 3, 2020, Almond filed her Answer to Plaintiff's First Amended Complaint and Counterclaims (ECF No. 37), which reasserted Almond's claims for (i) Defamation *per se*, (ii) intentional interference with contractual relationships, (iii) intentional interference with prospective economic advantage, and (iv) intentional infliction of emotional distress against Ross-Nash. ECF No. 37, at 13-16. Ross-Nash filed her Answer to those counterclaims on February 14, 2020 (ECF No. 38).

10. Also on February 14, 2020, Ross-Nash filed a Motion for Partial Summary Judgment as to Liability (ECF No. 39; hereinafter, the "Summary Judgment Motion"), seeking summary judgment on all of the claims in this case, except her claim for contributory copyright infringement against Almond. ECF No. 39, at 2-3.

11. On March 13, 2020, after receiving an extension of time to do so, Almond filed her Response to the Summary Judgment Motion (ECF No. 51). Ross-Nash filed her Reply to Almond's Response (ECF No. 53) on March 27, 2020.

12. On October 28, 2020, the Court entered an Order Granting in Part the Plaintiff's Motion for Summary Judgment (ECF No. 65), which granted Ross-Nash summary judgment as to liability on her claim for direct copyright infringement against Almond. ECF No. 65, at 5. The Court denied the remainder of the Summary Judgment Motion in a subsequent order. ECF No. 67.

13. On January 11, 2021, Ross-Nash filed a Motion for Statutory Damages associated with her copyright claim that was decided on summary judgment (ECF No. 70), a Motion to Certify Judgment on the same claim (ECF No. 71), and a Motion for Attorney Fees and Costs associated with prosecuting her copyright claim (ECF No. 72).

14. On January 25, 2021, Almond filed responses to Ross-Nash's Motion for Statutory Damages (ECF No. 78) and to certify a judgment on her copyright claim (ECF No. 79). After receiving an extension of time to do so (ECF No. 77), Almond filed a Response to Ross-Nash's Motion for Attorney Fees and Costs (ECF No. 81), on January 27, 2021.

15. On February 1, 2021, Ross-Nash filed replies in support of her Motion for Statutory Damages (ECF No. 82) and Motion to Certify Judgment (ECF No. 83). On February 3, 2021, she filed a reply in support her Motion for Attorney Fees (ECF No. 86).

16. On August 3, 2021, the Court entered an Order Granting Motion for Statutory Damages and Denying Motions to Certify Judgment and for Attorneys' Fees (ECF No. 91). The aforementioned order denied Ross-Nash's motions to certify judgment and for attorney's fees, without prejudice, but granted Ross-Nash's Motion for Statutory Damages and awarded her statutory damages in the amount of $750 on her direct copyright infringement claim, per her election.

17. On September 9, 2021, after the parties submitted a Proposed Joint Pretrial Order (ECF No. 92), the Court entered a Joint Pretrial Order (ECF No. 93). On the same date, the Court also set the trial of this matter to begin on a jury trial stack commencing March 28, 2022.

18. On February 25, 2022, Almond filed a Notice of Filing Bankruptcy (ECF No. 100; hereinafter, the "Bankruptcy Notice") in this case. The Bankruptcy Notice advised that Almond had filed a Chapter 7 Bankruptcy case in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), bearing Case No. 22-10654-abl (the "Bankruptcy Case").

19. Also on or about February 25, 2022, the Bankruptcy Court appointed Ryan A. Andersen, Esq., to serve as Trustee of Almond's bankruptcy estate, in connection with the Bankruptcy Case (hereinafter, the "Trustee").

20. On March 2, 2022, the Court entered a Minute Order vacating the Master Trial Scheduling Conference and the trial of this matter, based on Almond's filing of the Bankruptcy Notice.

21. On April 20, 2022, after the Trustee filed a motion for such relief, the Bankruptcy Court entered an Order Granting *Ex Parte* Application to Employ Holley Driggs and Gallian

4

Welker & Beckstrom, L.C. as Special Counsel, which permitted the Trustee to employ Almond's former counsel in this matter, to continue representing the interests of Almond's bankruptcy estate in the later stages of this case.

22. On May 19, 2022, the Bankruptcy Court entered an Order Granting Stipulation to Lift the Automatic Stay Concerning United States District Court Litigation, by which the Bankruptcy Court ordered, among other things, "that the automatic stay in the above-mentioned bankruptcy case is hereby lifted to permit continuation of proceedings in the United States District Court Case No. 2:19-cv-00957-APG-NJK, including to allow the litigation of the amount of any setoff claimed by Creditor."

23. On May 23, 2022, the Bankruptcy Court entered an Order of Discharge, which discharged Almond from the debts that were the subject of Bankruptcy Case, and resulted in the Trustee being the sole person responsible and able to make decisions regarding Almond's bankruptcy estate, including, but not limited to, her claims and defenses in the instant lawsuit.

24. Between around June 2022 and December 2022, Ross-Nash and the Trustee engaged in settlement discussions regarding a global resolution of the claims and issues between them, in both the Bankruptcy Case and this case.

25. On or about November 1, 2022, previous counsel for Almond and current counsel for the Trustee, Joanna M. Myers, Esq., ceased to be affiliated with the law firm of Holley Driggs, located at 400 S. 4th St., Third Floor, Las Vegas, NV 89101, and became affiliated with the law firm of Howard & Howard Attorneys PLLC, located at 3800 Howard Hughes Pkwy, #1000, Las Vegas, NV 89169.

26. On or about March 2, 2023, Ross-Nash and the Trustee entered into a Mutual Release and Settlement Agreement (the "Settlement Agreement"), that set forth the terms for their global resolution of the issues between them, and included as a term of the parties' agreement, the filing of this Stipulation and Order to Reopen Case, Amend Caption, and Stipulated Judgment.

27. On April 25, 2023, the Bankruptcy Court issued an Order approving the Settlement Agreement and allowing the parties to move forward in connection with the same.

28. In accordance with the foregoing procedural history and the terms of the Settlement

5

Agreement, the parties stipulate and respectfully request that the Court enter the following Orders and Stipulated Judgment in this case. The parties acknowledge that the Orders and Judgment stipulated to below are being made in accordance with the Settlement Agreement between the parties, and are being made as a compromise and final settlement between the parties, and shall not be construed as an admission of liability by any party or an admission that any party engaged in any wrongful, tortious, or unlawful activities.

**II.    STIPULATED JUDGMENT**

29. It is hereby ORDERED, ADJUDGED AND DECREED, that the above-captioned matter is REOPENED, in accordance with the Bankruptcy Court's Order Granting Stipulation to Lift the Automatic Stay Concerning United States District Court Litigation.

30. It is further ORDERED, ADJUDGED AND DECREED, that the caption of this case shall be amended to include RYAN A. ANDERSEN, ESQ., in his capacity as Trustee of the Bankruptcy Estate of Sunni Almond, in the place and stead of Sunni Almond.

31. It is further ORDERED, ADJUDGED AND DECREED, that the law firm of Howard & Howard Attorneys PLLC is now counsel for the Trustee, in the place and stead of the law firm Holley Driggs. All other counsel remains unchanged.

32. It is further ORDERED, ADJUDGED AND DECREED, that Judgment is entered in favor of Ross-Nash on her claim for direct copyright infringement, consistent with the Court's prior Order Granting in Part the Plaintiff's Motion for Summary Judgment (ECF No. 65). However, due to the posture of the Bankruptcy Case and the Order of Discharge granting Almond a discharge from all debts that were the subject of that matter, and pursuant to the Settlement Agreement between the parties, no monetary damages may be awarded on Ross-Nash's claim for direct copyright infringement.

33. It is further ORDERED, ADJUDGED AND DECREED, that Judgment is entered in favor of Ross-Nash on her claim for contributory copyright infringement. However, due to the posture of the Bankruptcy Case and the Order of Discharge granting Almond a discharge from all debts that were the subject of that matter, and pursuant to the Settlement Agreement between the parties, no monetary damages are awarded on Ross-Nash's claim for contributory copyright

6

infringement.

34. It is further ORDERED, ADJUDGED AND DECREED, that the Trustee's counterclaims, including its (i) First Claim for Relief, for Defamation *Per Se*, (ii) Second Claim for Relief, for Intentional Interference with Contractual Relationships, (iii) Third Claim for Relief, for Intentional Interference with Prospective Economic Advantage, and (iv) Fourth Claim for Relief, for Intentional Infliction of Emotional Distress, are hereby DISMISSED with prejudice.

35. It is further ORDERED, ADJUDGED AND DECREED, that the parties shall bear their own costs and attorneys' fees in connection with this case.

36. Upon entry of this Stipulation and Order to Reopen Case, Amend Caption, and Stipulated Judgment by the Court, the Clerk of Court is instructed to close this case.

IT IS SO STIPULATED.

| SKLAR WILLIAMS PLLC | HOWARD & HOWARD ATTORNEYS PLLC |
|---|---|
| */s/ David B. Barney*<br>David B. Barney, Esq.<br>Nevada Bar No. 14681<br>410 S. Rampart Blvd., Suite 350<br>Las Vegas, NV 89145<br>Tel: (702) 360-6000<br>Fax: (702) 360-0000 | */s/ Joanna M. Myers*<br>Joanna M. Myers, Esq.<br>Nevada Bar No. 12048<br>3800 Howard Hughes Pkwy, #1000<br>Las Vegas, NV 89169<br>Tel: (702) 257-1483<br>Fax: (702) 567-1568 |
| Philip A. Kantor, Esq.<br>Nevada Bar No. 6701<br>Law Offices of Philip A. Kantor, P.C.<br>1781 Village Center Circle, Suite 120<br>Las Vegas, NV 89134<br>Tel: (702) 255-1300<br>Fax: (702) 256-6331<br>*Attorneys for Plaintiff/Counter-defendant Kathryn Ross-Nash* | Nathan E. Lawrence, Esq.<br>Nevada Bar No. 15060<br>Gallian Welker & Associates, L.C.<br>730 Las Vegas Blvd. S., Ste. 104<br>Las Vegas, Nevada 89101<br>(702) 892-3500<br>*Attorney for Defendant/Counter-plaintiff Ryan A. Anderson* |

**ORDER**

IT IS SO ORDERED.

Dated: May 15, 2023

_____
UNITED STATES DISTRICT JUDGE